# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| BRETT F. WOODS AND KATHLEEN VALDES, FOR THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| STANDARD INSURANCE COMPANY, AN OREGON INSURANCE COMPANY, MARTHA QUINTANA, A NEW MEXICO RESIDENT, AND THE STATE OF NEW MEXICO GENERAL SERVICES DEPARTMENT RISK MANAGEMENT DIVISION, | § § § § § § § § § | C.A. NO. _____ |
| Defendants. | § § § | |

## INDEX OF STATE COURT DOCUMENTS

Defendant Standard Insurance Company files this index to the attached documents filed in the state court as follows:

| | **State Court Document** | **Date Filed or Received** |
|---|---|---|
| A | Docket Sheet | December 27, 2012 |
| B | Class Action Complaint | November 20, 2012 |
| C | Summons to Standard Insurance Company | November 26, 2012 |
| D | Summons to Martha Quintana | November 26, 2012 |
| E | Summons to State of New Mexico General Services Department Risk Management Division | November 26, 2012 |

Respectfully submitted,


By: /s/ W. Mark Mowery
     W. Mark Mowery

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**
315 Paseo de Peralta
Santa Fe, New Mexico 87501
(505) 954-3907 - telephone
(505) 954-3942 - facsimile
mmowery@rodey.com

**FIGARI & DAVENPORT, L.L.P.**
Keith R. Verges
Jill B. Davenport
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000 - telephone
(214) 939-2090 - facsimile
keith.verges@figdav.com
jill.davenport@figdav.com

ATTORNEYS FOR DEFENDANT
STANDARD INSURANCE COMPANY
AND MARTHA QUINTANA


## CERTIFICATE OF SERVICE

    I certify that all attorneys deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system and all others will be notified via certified mail, return receipt requested on this 28th day of December, 2012.


             /s/ W. Mark Mowery
             W. Mark Mowery

# EXHIBIT A

D-101-CV-201203281 - Thursday, December 27, 2012

# Brett F. Woods, et. al.,
## v.
# Standard Insurance Company, et. al.

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-101-CV-201203281 | Vigil, Barbara J. | 11/20/2012 | SANTA FE District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | STANDARD INSURANCE COMPANY |
| D | Defendant | 2 | QUINTANA MARTHA |
| D | Defendant | 3 | RISK MANAGEMENT DIVISION STATE OF NEW MEXICO GENERAL SERVICE |
| P | Plaintiff | 1 | WOODS BRETT F. |
| | ATTORNEY: HANSON ROBERT E. | | |
| P | Plaintiff | 2 | VALDES KATHLEEN |
| | ATTORNEY: HANSON ROBERT E. | | |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 11/20/2012 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Breach of Contract |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 11/21/2012 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Tort Injunction |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION / EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|
| 11/26/2012 | SUMMONS ISSUED | | | |
| | Summons Issued State of NM General Services Dept Risk Management Division | | | |
| 11/26/2012 | SUMMONS ISSUED | | | |
| | Summons Issued Martha Quintana | | | |
| 11/26/2012 | SUMMONS ISSUED | | | |
| | Summons Issued Standard Insurance Company | | | |
| 11/20/2012 | OPN: COMPLAINT | | | |
| | Class Action Complaint for Breach of Contract, Breach of Fiduciary Duty, Unjust Enrichment, Bad Faith, Statutory Violations, Declaratory Judgment and Injunctive Relief | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 11/20/2012 | Vigil, Barbara J. | 1 | INITIAL ASSIGNMENT |

Page 1

# EXHIBIT B

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/20/2012 5:14:41 PM
STEPHEN T. PACHECO

jam

STATE OF NEW MEXICO

COUNTY OF SANTA FE

FIRST JUDICIAL DISTRICT COURT

BRETT F. WOODS AND KATHLEEN VALDES, for
themselves and all others similarly situated,

       Plaintiffs,

v.

STANDARD INSURANCE COMPANY, an Oregon
insurance company, MARTHA QUINTANA,
a New Mexico resident, and the STATE OF
NEW MEXICO GENERAL SERVICES
DEPARTMENT, RISK MANAGEMENT DIVISION,

      Defendants.

Case No. D-101-CV-2012-03281

## CLASS ACTION COMPLAINT FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, UNJUST ENRICHMENT, BAD FAITH, STATUTORY VIOLATIONS, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### INTRODUCTION AND NATURE OF THE ACTION

1.    Plaintiffs and other similarly situated persons whom they seek to represent in this class action are employees of the State of New Mexico, participating Local Public Bodies ("LPBs"), municipal and county governments and school districts who paid premiums for term life insurance and accidental death and dismemberment ("AD&D") insurance (in amounts in excess of employee benefits paid by the respective governmental entities) to the State of New Mexico under Defendant Standard Insurance Company's ("Standard") Group Life and Accidental Death and Dismemberment Insurance policy, but who received either no coverage in

return for their premium payments or did not receive the Additional or supplemental insurance coverage for which they paid premiums.

      2.      The collection of premiums for the Group Term Life and AD&D coverage is administered by Defendant State of New Mexico, General Services Department, Risk Management Division ("GSD"), under a contract where Standard contracts to provide "adequate, professional personnel to administer and insure the Basic Term Insurance Coverage, matching AD&D Coverage, Additional Term Life Insurance Coverage, matching Additional AD&D Coverage and Dependents Term Life Insurance Coverage to the State of New Mexico employees and employees of participating LPBs. The Contractor (Standard) agrees to "work independently with the employing Agencies and LPBs of the . . . to maintain eligibility, collect premiums, and file claims. Standard agreed to provide a local based employee to perform these services. The Plaintiffs and other members of this Class (as defined herein) paid premiums through a payroll deduction and in turn payments based upon these premiums were forwarded to Standard. Although Plaintiffs and other members of the Class have paid these premiums, Standard has not acknowledged the existence of Additional Term Life Insurance Coverage and in cases where death claims have been asserted, have denied the existence of coverage and tendered a return of premium.

      3.      The GSD, Standard and its agents willingly accepted premiums from the Plaintiffs and the Class for basic and/or Additional life and AD&D coverage without disclosing to them that they were in fact not shown as insureds under the Group Policy. GSD and Standard's acceptance of premiums from the Plaintiffs and other similarly situated persons was done without providing coverage, and/or not providing Additional or supplemental life or AD&D

coverage. Standard has accepted these payments since July 1, 2007, issued no certificates of insurance and has denied claims made in the interim.

4.    Plaintiffs and other similarly situated persons seek to recover the premiums that were wrongfully collected by the State of New Mexico and retained by Standard for which no coverage was provided or for which no Additional or supplemental life or AD&D coverage was provided in return and to hold GSD, Standard and Standard's agent liable for their breaches of contract, breaches of fiduciary duty, unjust enrichment, bad faith and statutory violations.

<b>PARTIES</b>

5.    Plaintiff, Brett F. Woods, is an employee of the State of New Mexico and a resident of Santa Fe County.

6.    Plaintiff, Kathleen Valdes, is an employee of the State of New Mexico and a resident of Santa Fe County.

7.    Defendant, Standard Insurance Company, is an Oregon insurance company.

8.    Defendant Martha Quintana is a licensed life and health agent for Standard Insurance Company in New Mexico and is on information and belief a resident of New Mexico. On information and belief, Ms. Quintana is Standard's locally based employee in the state of New Mexico who is responsible for providing account management and customer service to the State of New Mexico, LPBs, Human Resource Group Representatives and the employees of those governmental entities.

9.    Defendant State of New Mexico, General Services Department, Risk Management Division is an agency of the State of New Mexico and is the division of the General Services Department which contracted with Standard to provide Group Life and Accidental Death and Dismemberment Insurance coverage to employees of the State of New Mexico, LPBs

3

and/or municipal or county governments in the state of New Mexico and who is responsible for administering those benefits.

## VENUE AND JURISDICTION

10.   The jurisdiction of this Court is proper because the claims arise out of acts which were committed in, or agreements which were executed in this state.

11.   Venue is proper in this district pursuant to NMSA 1978, §§ 38-3-1(A), (F) or (G).

12.   This action presents no federal subject matter jurisdiction; it presents no federal question; and, its parties are not diverse.

13.   In connection with this action, Plaintiffs' claims arise exclusively under New Mexico law.

14.   Federal subject matter jurisdiction does not exist because this is a class action in which greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State of New Mexico.

15.   Federal subject matter jurisdiction does not exist because in this class action, Plaintiffs seek significant relief against at least one defendant whose conduct forms a significant basis for the claims asserted by the plaintiff class and who is a citizen of the state of New Mexico.

16.   Federal subject matter jurisdiction does not exist because during the 3-year period preceding the filing of this class action, plaintiffs are unaware of any other class action having been filed asserting the same or similar factual allegations against any of the Defendants on behalf of the same or other persons.

17.   Federal subject matter jurisdiction does not exist because a primary defendant in this case is the State of New Mexico, General Services Department, Risk Management Division.

4

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The Insurance Services Contract

18.    In 2007, GSD and Standard entered into an Insurance Services Contract [#0835060050006] (the "ISC") whereby Standard agreed to provide Basic Term Life Insurance Coverage, matching Accidental Death and Dismemberment, Additional Term Life Insurance Coverage, matching additional AD&D Coverage, and Dependents Term Life Insurance Coverage to the State of New Mexico employees and employees of participating LPBs.  The insurance to be provided is referred herein to as the "Group Term Life and AD&D Coverage."

19.    Specifically, in Paragraph 1 of the ISC entitled "Scope of Work", Standard promised that it would do the following:

> The Contractor is expected to provide adequate, professional personnel to administer and insure the Basic Term Life Insurance Coverage, matching AD&D Coverage, Additional Term Life Insurance Coverage, matching Additional AD&D Coverage and Dependents Term Life Insurance Coverage to the State of New Mexico employees and employees of participating Local Public Bodies (LPBs). Contractor shall provide employees with fifty thousand dollars in Basic Term Life Coverage and fifty thousand dollars in matching AD&D Coverage. The contractor shall offer Additional Term Life and matching Additional AD&D Coverage to State of New Mexico employees and employees of participating LPBs in multiples of salary rounded to the nearest thousand with a maximum annual salary multiple of five (5) and dollar maximum of four hundred thousand dollars. The contractor shall offer Dependents Term Life Coverage in the amount of ten thousand dollars for spouses and domestic partners and five thousand dollars for dependent children.

20.    Under the terms of the ISC, all employees previously enrolled in Term Life and AD&D Coverage before June 30, 2007 were grandfathered into the Group Term Life and AD&D Coverage offered by Standard without any requirement of proof of insurability by the Contractor. According to the ISC, Employees could increase the amount of coverage they purchased subject to evidence of insurability requirements.

5

21.     Specifically, in Paragraph 1 of the ISC entitled "Scope of Work", Standard promised that it would do the following:

> The effective date of Coverage shall be July 1, 2007. All employees previously enrolled in the Term Life and AD&D Coverages on June 30, 2007 shall be grandfathered into the Term Life and AD&D Coverages offered by the Contractor effective July 1, 2007 without any requirement of proof of insurability by the Contractor. Any employee previously limited to a Additional Term Life maximum of two hundred forty thousand dollars shall be afforded an opportunity to increase Coverage up to the four hundred thousand dollar maximum offered by the Contractor subject to the Evidence of Insurability requirements outlined in the Group Life Insurance Policy. Employees will be offered the opportunity to elect initially or increase the level of Additional Term Life and AD&D Coverage during the annual Open/Switch Enrollment period commencing on April 9, 2007, and ending on May 18, 2007, without having to provide evidence of insurability provided the employee's election does not exceed the lesser of: (a) one times your Annual Earnings, rounded to the next higher multiple of $1,000, if not already a multiple of $1,000, and (b) $150,000. During the same time period, participating Legislators are limited to electing a maximum of $50,000 without having to provide evidence of insurability. Employees may elect to increase their level of Additional Term Life and AD&D Coverage at any time by providing sufficient proof of insurability as determined by the Contractor

22.     Plaintiffs and the Class are intended third-party beneficiaries of the ISC.

23.     Standard was also required to provide a locally based employee in the State of New Mexico to provide Account Management and Customer Service to the GSD, the participating governmental entities and their employees.

24.     Standard issued Group Life Insurance Policy no. 645553-A (the "Group Life Insurance Policy") to the State of New Mexico General Services Department with an effective date of July 1, 2007.

25.     Plaintiffs and the Class are insureds under the Group Life Insurance Policy.

6

## The Employee Benefit Handbook

26.     Under the terms of the ISC, Standard was required to develop and the GSD was

obligated to approve a 4-page explanation of benefits ["Benefits at a Glance for State of New

Mexico"] to be included in the State of New Mexico Employee Benefit Handbook describing the

benefits under the Group Term Life and AD&D Coverage.

27.     The 4-page "Benefits at a Glance for State of New Mexico" in the Benefits

Handbook states that the coverage is effective on July 1, 2007 under Group Policy #645553-A.

28.     The "Benefits at a Glance for State of New Mexico" of the Benefits Handbook

states:

> Life Insurance from Standard Insurance Company helps provide financial
> protection by promising to pay a benefit in the event of an eligible employee's
> covered death, Accidental Death and Dismemberment (AD&D) Insurance may
> provide an additional amount in the event of a covered death or dismemberment
> as a result of an accident.
>
> State of New Mexico's policy offers Basic Life and AD&D Insurance. If you
> qualify for the Basic Life Insurance under the policy, you may also apply for
> Additional Life and AD&D Insurance. The cost of Basic insurance is shared by
> the employee and State of New Mexico. The cost of Additional insurance is fully
> paid by the employee. All employee contributions are made through payroll
> deduction.
>
> Any enrollment materials needed to elect coverage will be provided.

29.     The "Benefits at a Glance for State of New Mexico" in the Benefits Handbook

defines Eligibility as follows:

> Eligible Employee
>
> An active employee of the State of New Mexico, designated by the State as a
> classified, exempt, probationary, temporary, term or hourly employee, whose term
> of employment at hire is six months or more and who is regularly working at least
> 20 hours each week.

7

For purposes of this benefits summary, an eligible employee includes an active legislator of the State of New Mexico.  There is no hourly requirement for legislators.

An eligible employee does not include a seasonal employee, a full-time member of the armed forces, a leased employee or an independent contractor.

Waiting Period Before Becoming Eligible for Insurance.

The eligibility waiting period is determined by the employee's pay schedule. Contact your human resources representative for full details.

30.    The "Benefits at a Glance for State of New Mexico" in the Benefits Handbook

defines the Benefits and provides, in pertinent part:

Life Insurance

Basic

State police and correctional officers are covered for a total of $75,000 in Basic Life coverage.  For all other employees, the Basic Life coverage amount is $50,000.

Employees who select a medical plan with the State of New Mexico will be automatically enrolled for this coverage.

Additional

The Additional Life coverage amount for legislators is the choice of any multiple of $10,000 from $10,000 to $400,000.  Acceptable evidence of good health may be required to become insured for an amount of coverage in excess of $150,000. For employees other than legislators, the Additional Life coverage amount is the choice of 1, 2, 3, 4 or 5 times the employee's annual earnings, rounded to the next higher multiple of $1,000, if not already a multiple of $1,000.   The maximum amount is $400,000.  Acceptable evidence of good health may be required to become insured for an amount of coverage in excess of the lesser of 3 times annual earnings and $150,000.
        * * *

AD&D Insurance

For accidental loss of life, the amount of the Basic AD&D insurance benefit is equal to the Basic Life coverage amount.  Employees who select a medical plan with the State of New Mexico will be automatically enrolled for this coverage.

8

The amount of the Additional AD&D insurance benefit for accidental loss of life is equal to the Additional Life coverage amount.   Employees with Basic coverage must apply for Additional coverage and agree to pay premiums.

31.     Significantly, the "Benefits at a Glance for State of New Mexico" in the Benefits Handbook does not state that employees are required to provide "Evidence of Insurability" including a Medical History Statement in order to receive coverage through the Group Term Life and AD&D Coverage.

### Standard and GSD Took Premiums From The Plaintiffs and Class Without Providing Coverage Under the Group Life Insurance Policy.

32.     The GSD withheld insurance premiums from Plaintiffs and the Class from payroll deductions and held those funds in trust for the purchase of Group Life and AD&D Coverage and/or Additional or supplemental insurance coverage without requiring that Plaintiffs or the Class submit Medical History Statements or other evidence of insurability.

33.     On information and belief, the GSD paid premiums to Standard for Group Life and AD&D Coverage and/or Additional or supplemental insurance coverage and Standard accepted those premiums which GSD collected from Plaintiffs and the Class without requiring Plaintiffs or the Class to submit Medical History Statements or other evidence of insurability to Standard.

34.     At all material times, GSD acted as the agent for Standard for the collection of premium payments from the Plaintiffs and the Class through payroll deductions, submitting those premium payments to Standard and identifying those employees who paid premiums to Standard for Group Life and AD&D Coverage and/or Additional or supplemental insurance coverage.

9

35.     Plaintiffs are informed and believe that Standard maintains that employees of the State of New Mexico, LPBs, municipal and county governments and school districts who paid premiums for Group Life and AD&D Coverage and/or Additional or supplemental coverage are not insureds under the Group Life Insurance Policy unless they have submitted evidence of insurability for late applications for Basic, Additional and Dependent Life insurance even if Standard has accepted premium payments for such coverage.

36.     On information and belief, Standard's agent, Martha Quintana, was responsible for providing Account Management and Customer Service to the GSD and to the Plaintiffs and the Class did not require Plaintiffs or the Class to submit Medical History Statements or other evidence of insurability to Standard in exchange for Standard's acceptance and retention of premiums paid by the Plaintiffs and Class for Group Term Life and AD&D Coverage. Defendant Quintana knew or should have known that Standard was accepting premiums from the Plaintiffs and the Class without providing coverage, and/or not providing Additional or supplemental life or AD&D coverage in return for the premiums paid.

37.     Plaintiffs and the Class paid premiums for Group Term Life and AD&D Coverage or Additional or supplemental insurance coverage but, upon information and belief, Standard's then contemporaneous records do not reflect that they are or were insureds under Standard's Group Life Insurance Policy or paid premiums for Additional or supplemental insurance coverage.

38.     The State of New Mexico, Standard and its agents willingly accepted premiums from the Plaintiffs and the Class without telling them that they were in fact not shown as insureds under the Group Life Insurance Policy or that additional forms or information were needed for evidence of insurability.

10

39.    The State of New Mexico and Standard have accepted premiums from the Plaintiffs and the Class without disclosing that coverage and/or Additional Term Life Insurance or supplemental insurance coverage was not being provided in return for the premiums paid.

40.    GSD, Standard and Standard's agent had an affirmative duty to advise the Plaintiffs and the Class that they were accepting premiums from the Plaintiffs and the Class but that the Plaintiffs and the Class were not shown as insureds under the Group Life Insurance Policy and/or Additional or supplemental coverage was not provided, or that additional forms or information were needed for evidence of insurability.

### Class Action Allegations

41.    Plaintiffs bring this action as a class action pursuant to Rules 1-023(A), 1-023(B)(2) and 1-023(B)(3) NMRA.

42.    The Class is composed of all employees of the State of New Mexico, LPBs, Human Resource Group Representatives, and/or municipal or county governments and school districts in the State of New Mexico who paid premiums for term life insurance and AD&D insurance and/or Additional or supplemental coverage under Standard's Group Life Insurance Policy, but for whom Standard's then contemporaneous records do not reflect that they are or were insureds or that they had purchased Additional or supplemental coverage under Standard's Group Life Insurance Policy.

43.    The members of the Class are so numerous that the joinder of all members is impractical. Upon information and belief, there are many thousands of such persons.

44.    Plaintiffs' claims are typical of the claims of the members of the Class and Plaintiffs and all members of the Class sustained injuries arising out of the Defendants' wrongful conduct complained of herein.

11

45.     Plaintiffs will fairly and adequately protect the interests of the members of the Class and have chosen counsel experienced in class action litigation. Plaintiffs have no interests antagonistic to, or in conflict with, the Class they seek to represent.

46.     The questions of law and fact common to the members of the Class, and which predominate over any questions affecting individual members, are, *inter alia*:

a.      Whether Defendants breached the terms of the Group Life Insurance policy by collecting premiums from the Class and providing no insurance coverage or no Additional or supplemental coverage in return for the premiums paid;

b.      Whether Defendants breached the terms of the Employee Benefits Handbook by collecting premiums from the Class and providing no insurance coverage or no Additional or supplemental coverage in return for the premiums paid;

c.      Whether Defendants have been unjustly enriched by collecting premiums from the Class and providing no insurance coverage or no Additional or supplemental coverage in return for the premiums paid;

d.      Whether Plaintiffs and the Class are intended third-party beneficiaries of the contracts between GSD and Standard;

e.      Whether Standard violated the covenant of good faith and fair dealing by collecting premiums from the Class and providing no insurance coverage or no Additional or supplemental coverage in return for the premiums paid;

f.      Whether Standard violated the covenant of good faith and fair dealing in failing to disclose that Plaintiffs and the Class paid premiums for Group Term Life and AD&D Coverage or Additional or supplemental insurance coverage but, upon information and belief, Standard's then contemporaneous records do not reflect that they

12

are or were insureds under Standard's Group Life Insurance Policy or paid premiums for Additional or supplemental insurance coverage;

      g.    Whether Standard's alleged acts and practices as described above, have been in bad faith;

      h.    The content, interpretation and legal effect of the common contracts, Employee Benefit Handbook and Group Life Insurance Policy, insofar as they relate to the alleged acts and practices set forth above;

      i.    The existence, nature and extent of Standard's legal duty to make full disclosure of all material facts to its insureds with respect to the matters set forth above;

      j.    Whether Standard's alleged acts and practices have violated Standard's legal duty to make full disclosure of all material facts to its insureds;

      k.    Whether Standard's and Defendant Quintana's alleged acts and practices violated the Unfair Practices Act; and if so, the remedies available as a result thereof.

      l.    Whether Defendants Standard and Quintana acted knowingly and/or reck-lessly with respect to the matters set forth above

      m.    The remedies available to Plaintiffs and members of the Class should it be determined that Defendants' alleged acts and practices have violated their duties to the Plaintiffs and the Class;

      n.    The applicable measure of damages;

      o.    The existence and amount of damages; and

      p.    The availability and rate of prejudgment interest.

47.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as

the damages suffered by Plaintiffs or any individual Class members may be relatively small in comparison to the expense of maintaining and prosecuting this action, the expense and burden of individual litigation make it impracticable for the Class members to individually redress the wrongs done to them. Plaintiffs anticipate no difficulty in the management of this action as a class action.

48.   This action should also proceed as a class action under Rule 1-023(B)(2) NMRA because defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

49.   This action should proceed as a class action under Rule 1-023(B)(3) NMRA. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

a.   No member of the Class has a substantial interest in individually controlling the prosecution of a separate action;

b.   Upon information and belief, there are no pending lawsuits by members of the Class who may be similarly situated and which may potentially affect the matters raised in this action;

c.   It is desirable to concentrate the litigation of these claims in this forum. The determination of the claims of all Class members in a single forum, and in a single proceeding would be a fair and efficient means of resolving the issues raised in this litigation as between Defendants and the Class; and

d.   The difficulties likely to be encountered in the management of a class action in this litigation are reasonably manageable, especially when weighed against the virtual

14

impossibility of affording adequate relief to the members of the Class through numerous separate actions.

## COUNT I
### Breach of Contract by GSD and Standard
### (Breach of Insurance Services Agreement and Employee Benefit Handbook)

50.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

51.    GSD, as trustee of the payroll deductions from the Plaintiffs and the Class Trustees, and Standard are parties to the ISC.

52.    The duties and obligations assumed by the GSD and Standard under the ISC were for the benefit of the Plaintiffs and the Class.

53.    GSD and Standard violated and materially breached the ISC by:

   a.    accepting premiums from the Plaintiffs and the Class for life or AD&D coverage and/or Additional life and AD&D coverage without providing life or AD&D coverage and/or Additional life and AD&D coverage in return for the premiums paid.

   b.    accepting premiums from the Plaintiffs and the Class without telling them that they were in fact not shown as insureds under the Group Life Insurance Policy or that additional forms or information were needed for evidence of insurability.

54.    GSD and Standard created a 4-page explanation of benefits ["Benefits at a Glance for State of New Mexico"] to be included in the State of New Mexico Employee Benefit Handbook describing the benefits under the Group Term Life and AD&D Coverage.

55.    GSD and Standard violated and materially breached the Employee Benefits Handbook by:

15

a.    accepting premiums from the Plaintiffs and the Class for life or AD&D coverage and/or Additional life and AD&D coverage without providing life or AD&D coverage and/or Additional life and AD&D coverage in return for the premiums paid.

b.    accepting premiums from the Plaintiffs and the Class without telling them that they were in fact not shown as insureds under the Group Life Insurance Policy or that additional forms or information were needed for evidence of insurability.

56.    GSD and Standard violated and materially breached the ISC and Employee Benefit Handbook by failing to completely, accurately and truthfully describe the coverages and eligibility requirements for the Plaintiffs and the Class to obtain coverage under the Group Life Insurance Policy for which premiums were paid.

57.    GSD and Standard violated and materially breached the ISC and Employee Benefit Handbook by failing to state material facts concerning the coverages and eligibility requirements for the Plaintiffs and the Class to obtain coverage under the Group Life Insurance Policy for which premiums were paid.

58.    As a result of these material breaches of contract, breaches of the ISC and Employee Benefit Handbook, Plaintiffs and the Class have been injured in an actual amount to be proven at trial.

## COUNT II
### Breach of Fiduciary Duty Against Standard

59.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

60.    Standard is in a special relationship of trust and confidence giving rise to fiduciary duties to the Plaintiffs and the Class.

16

61.    Standard breached its fiduciary duties to the Plaintiffs and the Class by:

a.    accepting premiums from the Plaintiffs and the Class for life or AD&D coverage and/or Additional life and AD&D coverage without providing life or AD&D coverage and/or Additional life and AD&D coverage in return for the premiums paid.

b.    accepting premiums from the Plaintiffs and the Class without telling them that they were in fact not shown as insureds under the Group Life Insurance Policy or that additional forms or information were needed for evidence of insurability.

c.    failing to completely, accurately and truthfully describe the coverages and eligibility requirements for the Plaintiffs and the Class to obtain coverage under the Group Life Insurance Policy for which premiums were paid.

d.    failing to disclose Standard's acceptance of premiums from the Plaintiffs and other similarly situated persons without providing the purchased coverage in return for the payment of premiums.

e.    failing to accurately account for and monitor the payment of premiums by the Plaintiffs and the Class to ensure that the premiums being paid for life and AD&D coverage and/or Additional or supplemental coverage was being applied to and purchasing the insurance for which premiums were being paid.

62.    As a result of these material breaches of fiduciary duty, Plaintiffs and the Class have been injured in an actual amount to be proven at trial.

## COUNT III
### Unjust Enrichment Against GSD and Standard

63.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

17

64.     The actions of Defendants GSD and Standard in accepting premiums from the Plaintiffs and the Class for life or AD&D coverage and/or Additional life and AD&D coverage without providing life or AD&D coverage and/or Additional life and AD&D coverage in return for the premiums paid has resulted in these Defendants being unjustly enriched.

65.     Plaintiffs and the Class had payroll deductions made from their pay for the purpose of purchasing life or AD&D coverage and/or Additional life and AD&D coverage.

66.     GSD and Standard however did not provide the life or AD&D coverage and/or Additional life and AD&D coverage for which premiums were paid.

67.     As a result of the actions of Defendants GSD and Standard,  these Defendants have been unjustly enriched in the amount of the payroll deductions made from the Plaintiffs' and the Class's pay for which no life or AD&D coverage and/or Additional life and AD&D coverage was provided in return.

68.     As a proximate result, Plaintiffs and the Class have suffered actual damages in an amount equal to the payroll deductions made from the Plaintiffs' and the Class's pay for which no life or AD&D coverage and/or Additional life and AD&D coverage was provided in return.

69.     The actions of GSD and Standard in failing to comply with New Mexico law and in unjustly enriching themselves were done in reckless and willful disregard of the rights of Plaintiffs and the Class for which they are entitled to punitive damages.

### COUNT IV
### Breach Of The Duty Of Good Faith And Fair Dealing Against Standard

70.     Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

18

71.     Defendant Standard has violated the covenant of good faith and fair dealing which is implied in all contracts and insurance contracts in the state of New Mexico by:

        a.     accepting premiums from the Plaintiffs and the Class for life or AD&D coverage and/or Additional life and AD&D coverage without providing life or AD&D coverage and/or Additional life and AD&D coverage in return for the premiums paid.

        b.     accepting premiums from the Plaintiffs and the Class without telling them that they were in fact not shown as insureds under the Group Life Insurance Policy or that additional forms or information were needed for evidence of insurability.

        c.     failing to completely, accurately and truthfully describe the coverages and eligibility requirements for the Plaintiffs and the Class to obtain coverage under the Group Life Insurance Policy for which premiums were paid.

        d.     failing to disclose Standard's acceptance of premiums from the Plaintiffs and other similarly situated persons without providing coverage that was purchased.

        e.     failing to accurately account for and monitor the payment of premiums by the Plaintiffs and the Class to ensure that the premiums being paid for life and AD&D coverage and/or Additional or supplemental coverage was being applied to and purchasing the insurance for which premiums were being paid.

        f.     knowingly depriving Plaintiffs and the Class of the benefits to which they were entitled by law.

72.     As a proximate result, Plaintiffs and the Class have suffered actual damages in an amount equal to the to the payroll deductions made from the Plaintiffs' and the Class's pay for which no life or AD&D coverage and/or Additional life and AD&D coverage was provided in return.

19

73.     The actions of Standard were in breach of the covenant of good faith and fair dealing, were done in a reckless and willful disregard of the rights of Plaintiffs and the Class for which they are entitled to punitive damages.

**COUNT V**
**Breach Of The New Mexico Trade Practices and Frauds Act Against**
**Standard And Quintana**

74.     Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

75.     Standard and Quintana are persons under the meaning of New Mexico's Trade Practices and Frauds Act [NMSA 1978, § 59A-16-1, *et seq.*].

76.     Standard and Quintana have either knowingly, or with such frequency as to amount to a general business practice, violated, or willfully violated, New Mexico's Trade Practices and Frauds Act [NMSA 1978, § 59A-16-1, *et seq.*] by engaging in unfair insurance claims practices, including but not limited to:

a.      engaging in deceptive acts or fraud as described above; or

b.      making deceptive or misleading claims in publications concerning insurance.

77.     As a proximate result of the actions of Standard and Quintana, Plaintiffs and the Class have suffered damages in an amount to be proved at trial.

**COUNT VI**
**Unfair Practices Act Violations Against Standard**

78.     Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

20

79. Standard is a person as defined under Article 12 of the Trade Practices and Regulations Code.

80. Standard violated NMSA 1978, §§ 57-12-2 and 3 and otherwise engaged in unfair or deceptive trade practices by making false or misleading oral or written statements, visual descriptions or other representations in connection with the sale of goods or services in the regular course of its trade or commerce, that may, tends to or does deceive or mislead any person and including Standard's failure to deliver the quality or quantity of goods or services contracted for.

81. Standard's actions in accepting premiums from the Plaintiffs and the Class for life or AD&D coverage and/or Additional life and AD&D coverage without providing life or AD&D coverage and/or Additional life and AD&D coverage in return for the premiums paid and other failure's to disclose resulted in Standard taking advantage of the lack of knowledge, ability, experience or capacity of the Plaintiffs and the Class to a grossly unfair degree; or resulted in a gross disparity between the value received by the Plaintiffs and the Class for insurance coverage and the price paid for such coverage in violation of NMSA 1978, § 57-12-2(E).

82. Plaintiffs and the Class suffered loss of money or property as a result of Standard's conduct. Pursuant to NMSA 1978, § 57-12-10(B) and (E), Plaintiffs and the Class seek recovery of their actual damages in an amount equal to the payroll deductions made from the Plaintiffs' and the Class's pay for which no life or AD&D coverage and/or Additional life and AD&D coverage was provided in return.

83. Plaintiffs and the Class would show that Standard's conduct was done willfully for which Plaintiffs and the Class seek additional damages in the amount of up to three times the actual damages awarded as authorized by NMSA 1978, § 57-12-10(B).

21

84.     Plaintiffs and the Class additionally seek recovery of their attorneys' fees and costs pursuant to NMSA 1978, § 57-12-10(C).

## COUNT VII
### Declaratory Judgment

85.     Plaintiffs reallege and incorporate each and every allegation set forth above as if fully set forth herein.

86.     An actual controversy exists between the parties, and pursuant to Rule 1-057 NMRA  and the Declaratory Judgment Act NMSA 1978 § 44-6-1, *et seq.*, Plaintiffs and the Class are entitled to a Declaratory Judgment establishing the respective rights and obligations of the parties with respect to the claims set forth herein.

87.     In particular, Plaintiffs seek a declaration that until GSD and Standard refund premiums to Plaintiffs and the Class as set forth above, then Standard is obligated to provide coverage for any Class member on whose behalf GSD and Standard accepted premium payments in an amount that is equivalent to the Group Life and AD&D Coverage and/or Additional or supplemental insurance coverage that the Plaintiffs or Class member purchased.

88.     Alternatively, Plaintiffs seek a declaration for those Class members who may have become uninsurable or who choose to continue to receive Additional or supplemental insurance coverage from Standard for which they paid premiums that Standard is obligated to continue providing Additional or supplemental insurance coverage equivalent to the Additional or supplemental insurance coverage that the Plaintiffs or Class member purchased.

## COUNT VIII
### Injunctive Relief

89.     Plaintiffs reallege and incorporate each and every allegation set forth above as if fully set forth herein.

90.     Plaintiffs and the Class are entitled to injunctive relief as may be proper to require the Defendants to remedy any acts or practices which the Court may find to violate the rights of Plaintiffs and the Class, including enjoining Standard from denying to Plaintiffs and the Class Group Term Life and AD&D Coverage or Additional or supplemental insurance coverage for which premiums were paid.

91.     Alternatively, Plaintiffs and the Class are entitled to injunctive relief for those Class members who may have become uninsurable or who choose to continue to receive Additional or supplemental insurance coverage from Standard for which they paid premiums enjoining Standard from discontinuing or denying Additional or supplemental insurance coverage equivalent to the Additional or supplemental insurance coverage that the Plaintiffs or Class members purchased.

WHEREFORE, Plaintiffs and the Class request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendants State of New Mexico, General Services Department, Risk Management Division, Standard Insurance Company and Martha Quintana for the claims set forth above and, for the following relief:

a.     Actual damages in an amount to be proven at trial;

b.     Punitive damages in an amount to be proven at trial;

c.     Treble damages if Standard is proven to have violated the Unfair Practices Act willfully;

d.     Statutory damages pursuant to New Mexico's Trade Practices and Frauds Act;

e.     Pre-judgment and post-judgment interest at the maximum legal rates;

f.     Attorneys' fees and costs;

23

g.      Granting declaratory judgment establishing the respective rights and obligations of the parties with respect to the claims set forth herein;

h.      Granting injunctive relief as may be proper to require Standard to remedy any acts or practices which violate the rights of Plaintiffs or the Class, including enjoining Standard from denying coverage to Plaintiffs or the Class until a refund of premiums has been made as set forth herein; and

i.      Such other and further relief as the Court deems appropriate.

Respectfully submitted,

WILLIAM H. CARPENTER LAW OFFICE, Ltd.

By:___ */s/William H. Carpenter*_____
William H. Carpenter
1600 University Blvd. NE #A
Albuquerque, NM 87102-1724
Telephone: (505) 243-1336
Facsimile: (505) 243-1339

and

PEIFER, HANSON & MULLINS, P.A.

By:___ */s/Robert E. Hanson*_____
Charles R. Peifer
Robert E. Hanson
Post Office Box 25245
Albuquerque, New Mexico 87125-5245
Telephone: (505) 247-4800
Facsimile: (505) 243-6458

*Attorneys for Plaintiffs*

24

# EXHIBIT C

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/26/2012 9:51:21 AM
STEPHEN T. PACHECO

STATE OF NEW MEXICO

COUNTY OF SANTA FE

FIRST JUDICIAL DISTRICT COURT

# ISSUED

MZ

BRETT F. WOODS, for himself and all others similarly
situated,

       Plaintiff,

v.

                                    Case No.: <u>D-101-CV-2012-03281</u>

STANDARD INSURANCE COMPANY, an Oregon
insurance company, *et al.*, .

       Defendants.

                                        <u>SUMMONS</u>

TO:        STANDARD INSURANCE COMPANY
Address:  c/o State of New Mexico Insurance Division,
           P.O. Box 1269, Santa Fe, NM 87504

    You are hereby directed to serve a pleading or motion in response to the Complaint which is attached to this summons within thirty (30) days after service of this Summons upon you, exclusive of the day of service, and file your answer or motion with the Court as provided in Rule 1-005 NMRA.

    If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the Complaint.

Attorneys for Plaintiffs:

    William H. Carpenter             Charles R. Peifer
    William H. Carpenter Law       Robert E. Hanson
    Office, LTD.                    Peifer, Hanson & Mullins, P.A.
    1600 University Blvd. NE, #A     P.O. Box 25245
    Albuquerque, NM 87102-1724    Albuquerque, NM 87125-5245

    WITNESS the Honorable Barbara J. Vigil, District Judge of said Court of the First Judicial District Court of the State of New Mexico and the seal of the District Court of Santa Fe County, this 26th day of November, 2012.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
      Deputy

NOTE: This Summons does not require you to see, telephone or write to the District Judge of the Court at this time. It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the Summons is legally served on you. If you do not do this, the party suing may get a judgment by default against you.

**RETURN**

STATE OF NEW MEXICO          )
                            )   ss
COUNTY OF _____       )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]      to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]      to _____ *(name of person),* _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, _____.

_____          _____
Judge, notary or other officer                 Official Title
authorized to administer oaths

# EXHIBIT D

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/26/2012 9:51:21 AM
STEPHEN T. PACHECO

MZ

STATE OF NEW MEXICO

COUNTY OF SANTA FE

FIRST JUDICIAL DISTRICT COURT

# ISSUED

BRETT F. WOODS, for himself and all others similarly
situated,

      Plaintiff,

v.

      Case No.: <u>D-101-CV-2012-03281</u>

STANDARD INSURANCE COMPANY, an Oregon
insurance company, *et al.*,

      Defendants.

      <u>**SUMMONS**</u>

TO:    Martha Quintana
Address:

    You are hereby directed to serve a pleading or motion in response to the Complaint which is attached to this summons within thirty (30) days after service of this Summons upon you, exclusive of the day of service, and file your answer or motion with the Court as provided in Rule 1-005 NMRA.

    If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the Complaint.

Attorneys for Plaintiffs:

| | |
|---|---|
| William H. Carpenter | Charles R. Peifer |
| William H. Carpenter Law | Robert E. Hanson |
| Office, LTD. | Peifer, Hanson & Mullins, P.A. |
| 1600 University Blvd. NE, #A | P.O. Box 25245 |
| Albuquerque, NM 87102-1724 | Albuquerque, NM 87125-5245 |

    WITNESS the Honorable **Barbara J. Vigil**, District Judge of said Court of the First Judicial District Court of the State of New Mexico and the seal of the District Court of Santa Fe County, this 26th day of November, 2012.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
      Deputy

NOTE: This Summons does not require you to see, telephone or write to the District Judge of the Court at this time. It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the Summons is legally served on you. If you do not do this, the party suing may get a Judgment by default against you.

**RETURN**

STATE OF NEW MEXICO     )
                        )  ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]   to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, _____.

_____                    _____
Judge, notary or other officer              Official Title
authorized to administer oaths

# EXHIBIT E

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/26/2012 9:51:21 AM
STEPHEN T. PACHECO

STATE OF NEW MEXICO

COUNTY OF SANTA FE

# ISSUED

MZ

FIRST JUDICIAL DISTRICT COURT

BRETT F. WOODS, for himself and all others similarly
situated,

       Plaintiff,

v.

    Case No.:  D-101-CV-2012-03281

STANDARD INSURANCE COMPANY, an Oregon
insurance company, *et al.*,

       Defendants.

                              **SUMMONS**

TO:       STATE OF NEW MEXICO GENERAL SERVICES DEPARTMENT
          RISK MANAGEMENT DIVISION
Address:  1100 S. St. Francis Dr., Room 2073
          Santa Fe, New Mexico 87502

    You are hereby directed to serve a pleading or motion in response to the Complaint which is attached to this
summons within thirty (30) days after service of this Summons upon you, exclusive of the day of service, and file
your answer or motion with the Court as provided in Rule 1-005 NMRA.

    If you fail to file a timely answer or motion, default judgment may be entered against you for the relief
demanded in the Complaint.

Attorneys for Plaintiffs:

    William H. Carpenter              Charles R. Peifer
    William H. Carpenter Law       Robert E. Hanson
    Office, LTD.                   Peifer, Hanson & Mullins, P.A.
    1600 University Blvd. NE, #A      P.O. Box 25245
    Albuquerque, NM 87102-1724     Albuquerque, NM 87125-5245

    WITNESS the Honorable **Barbara J. Vigil**, District Judge of said Court of the First Judicial District
Court of the State of New Mexico and the seal of the District Court of Santa Fe County, this 26th day of November,
2012.

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY:
     Deputy

NOTE: This Summons does not require you to see, telephone or write to the District Judge of the Court at this time. It does require you or your attorney to file your legal defense to this case in
writing with the Clerk of the District Court within 30 days after the Summons is legally served on you. If you do not do this, the party suing may get a judgment by default against you.

**RETURN**

STATE OF NEW MEXICO )
) ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to the defendant _____ *(used when defendant accepts a copy of summons and complaint) or refuses to accept the summons and complaint)*

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian *ad litem*] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]   to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, _____.

_____        _____
Judge, notary or other officer                              Official Title
authorized to administer oaths