IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRETT F. WOODS and
KATHLEEN VALDES, for themselves
and all others similarly situated,

        Plaintiffs,

v.                                                        CIV 12-1327 KBM/LAM

STANDARD INSURANCE COMPANY,
an Oregon Insurance Company,
MARTHA QUINTANA, a New Mexico Resident, and
the STATE OF NEW MEXICO
GENERAL SERVICES DEPARTMENT,
RISK MANAGEMENT DIVISION,

        Defendants.

## MEMORANDUM OPINION & ORDER

THIS MATTER is before the Court on Plaintiffs' motion to remand this action to state court and to recover attorney fees associated with the motion. The remand motion is fully briefed. *See Docs. 19, 20, 32, 36, 40.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 24, 26, 27.*

The parties' submissions are exceedingly well-researched and comprehensive, and their positions are clear. For the reasons below, the Court finds oral argument unnecessary. Because the Court will grant the motion to remand under the mandatory "local controversy" exception to jurisdiction for class actions of this sort, it need not address the alternative argument as to the aggregate class amount in controversy.

1

## I.  Factual & Procedural Overview

As set forth in the state court complaint, Plaintiffs are representative of the class of State, municipal, county, school district, and "local public bodies" employees who paid insurance premiums for the group policy issued by Defendant Standard Insurance Company, "but who . . . did not receive coverage."  *Doc. 1-9* at ¶ 1.  Though the governmental entity employers paid for part of the premium, their employees paid the remainder "to the State of New Mexico."  *Id.*

The class allegations do not identify precisely how many employees comprise the class, and believes "there are many thousands" of them.  *Id.*at ¶ 43.  By the terms of the complaint, the class is not confined to members who submitted claims under the policies and were denied coverage.  Instead, the complaint alleges the class consists of "all employees . . . who paid premiums . . . but for whom Standard's then contemporaneous records do not reflect that they are or were insureds or that they had purchased . . . coverage."  *Id.* at ¶ 42.

The three defendants are:  (1) Standard, the insurer, which is an Oregon company, (2) the Risk Management Division of the New Mexico General Services Department ("GSD"), the State agency that contracted with the insurer for the policy and which "is responsible for administering" benefits under the policy; and (3) Martha Quintana who is alleged to be "a licensed life and health agent" for the insurer, but also is believed to be the insurer's "locally based employee in the state of New Mexico who is responsible for providing account management and customer service" to the State, state entities, and employees.  *Id.* at ¶¶ 7-9.  In her declaration submitted for Standard's notice of removal, Ms. Quintana confirms her employment with Standard and

acknowledges that she is responsible for managing the State's account with Standard. *See Doc. 1-8,* ¶¶ 1. She is alleged to be a New Mexico resident, *Doc. 1-9* at ¶ 8, and there appears to be no dispute that she is a New Mexico "citizen."

Plaintiffs seek compensatory actual damages, punitive damages, treble damages, and injunctive and declaratory relief for: violations of New Mexico's Unfair Practices and Trade Practices and Frauds Acts; breach of contract, fiduciary duty, good faith and fair dealing; and unjust enrichment. The Complaint filed in state court does not specify or estimate the amount of damages.

Congress enacted the Class Action Fairness Act ("CAFA") in 2005 to give federal district courts original jurisdiction in civil class actions, provided certain criteria are met. *See, e.g., Standard Fire Ins. Co. v. Knowles,* ___ U.S. ___, ___, 133 S. Ct. 1345, 1347 (2013); 28 U.S.C. § 1332(d). The "primary objective" was to ensure federal courts consider "interstate cases of national importance" under diversity jurisdiction. *Id.* (internal quotations and citation omitted); *see also, e.g., Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1208 n. 52 (11th Cir. 2007); *Coll v. First Amer. Title Ins. Co.,* NO. CIV 06-348 WFD/DJS, 2008 WL 9093362, at *3 (D.N.M. Apr. 21, 2008), *aff'd in part, and rev'd in part on other grounds,* 642 F. 3d 876 (10th Cir. 2011).

As the Tenth Circuit has noted, "CAFA was enacted to respond to perceived abusive practices by plaintiffs and their attorneys in litigating major class actions with interstate features in state courts." *Coffey v. Freeport McMoran Copper & Gold,* 581 F.3d 1240, 1243 (10th Cir. 2009). The CAFA statute consequently relaxed some traditional restrictions on federal jurisdiction. For example, diversity need only be "minimal," and the consent of all defendants is not required for removal. *See, e.g., In re*

3

*Mortg. Elec. Registration Sys., Inc.,* 680 F.3d 849, 853 (6th Cir. 2012); *Prime Care of NE Kan., LLC v. Humana Ins. Co.,* 447 F.3d 1284, 1285 (10th Cir. 2006); 28 U.S.C. § 1453(b).

The Complaint, filed in November 2012, specifically avers that it is not subject to CAFA. *See Doc. 1-9* at ¶¶ 12-17. Notwithstanding that assertion, Standard removed the action with the consent of Ms. Quintana under that statute. GSD did not consent to removal, and its answer specifically "denies the allegations" made in the state complaint concerning lack of federal jurisdiction under CAFA. *Doc. 16* at ¶ 10. GSD takes no position on the motion to remand, but "reserves" the "right to contest" any factual assertions, and "is not waiving its affirmative defense that the suit is barred by the Eleventh Amendment." *Doc. 36; see also Doc. 29* (identical position).

## II.  Analysis

Plaintiffs contend that Standard fails to sustain its burden of establishing the requisite amount in controversy under CAFA, and also maintain that this lawsuit falls within two CAFA exceptions for which remand is mandatory. The Supreme Court and Tenth Circuit have at best only tangentially touched upon the amount in controversy and/or the dispositive issues raised by the exceptions here. *See Standard,* ___ U.S. at ___, 133 S. Ct. at 1347; *Lafalier v. State Farm Fire & Cas. Co.,* 391 F. App'x 732, 737-38 (10th Cir. 2010).

This District has visited CAFA at least twice. Visiting District Judge William F. Downes' 2008 decision in *Coll* squarely addresses the two exceptions, and District Judge James O. Browning's 2012 decision in *Valdez* addresses the amount in controversy requirement and one of the exceptions. *See Valdez v. Metro. Prop. & Cas.*

4

*Ins. Co.,* 867 F. Supp. 2d 1143, 1178-84 (D.N.M. 2012); *Coll,* 2008 WL 9093362, at \*\*3-5. This Court considers both *Coll* and *Valdez* as the applicable controlling law, but does not necessarily reach the same result because of the different posture of this case.

### A. State Action Exception – 28 U.S.C. § 1332(d)(5)

Federal courts have no jurisdiction and must remand if every "primary defendant" is a "State." 28 U.S.C. § 1332(d)(5). Where, as here, one defendant is a private insurer, the state action exception is inapplicable. Judge Downes so held in *Coll.* The Court rejects Plaintiffs' arguments that this Court should not follow *Coll* or the Fifth Circuit's decision in *Frazier* upon which it relied. *See Coll,* 2008 WL 9093362, at \*\*3-4 (citing *Frazier v. Pioneer Americas LLC,* 455 F. 3d 542 (5th Cir. 2006)); *see also Doc. 20* at 17-19. As just noted, the Court adopts the rationale of *Coll* in the absence of binding authority to the contrary. In addition, Standard's arguments are likewise persuasive for distinguishing the two decisions outside this district that Plaintiffs discuss with regard to this exception. *See Doc. 32* at 21-24.

### B. Local Controversy Exception – 28 U.S.C. § 1332(d)(4)(a)

The class consists of "[New Mexico] citizens who were affected by a purely local incident" — the manner in which Ms. Quintana, Standard's admitted and solely assigned employee to the state, administered and serviced Standard's New Mexico policy for New Mexico state employees for GSD. *Id.* The sum and substance of Plaintiffs' suit is that they paid premiums on term life insurance policies, which GSD collected and Standard pocketed, for which they were not eligible because neither GSD nor Ms. Quintana had them submit the evidence of insurability Standard requires. *See, e.g., Doc. 1-9* at ¶¶ 32-40. The "actual damages" suffered by the class is "an amount

equal to the payroll deductions" the members remitted as premiums. *See id* at ¶¶ 68, 72. The class seeks a declaration that "until [GSD] and Standard refund [the class members'] premiums . . . then Standard is obligated to provide coverage." *Id.* at ¶ 86. The class further asks for an injunction "enjoining standard from denying . . . coverage for which premiums were paid." *Id.* at ¶ 90.

Since CAFA is concerned with class actions of interstate significance, Congress created an exception

> for those cases consisting of primarily local, *intrastate* matters, which it characterized as the "Local Controversy Exception," S.REP. NO. 109–14, at 39 (2005). A district court must decline to exercise jurisdiction if the plaintiffs can satisfy the requirements for this exception, *see* 28 U.S.C. § 1332(d)(4)(A). As the Senate Report explains, "[t]his provision is intended to respond to concerns that class actions with a truly local focus should not be moved to federal court under this legislation because state courts have a strong interest in adjudicating such disputes." *Id.*

*Coffey,* 581 F.3d at 1243. Based on the allegations of the complaint, this case "presents a classic example of what Congress intended to cover when it created this exception." *Id.* "It is a "truly local controversy—a controversy that uniquely affects [New Mexico] to the exclusion of all others" since it implicates policies that only cover New Mexico employees and conduct that only took place in New Mexico with respect to these policies. *Id.* (internal quotations and citation omitted). Simply as a matter of expressed Congressional policy and a common sense understanding of the nature of the dispute, this case falls squarely within the exception.

Statutorily, however, the local controversy exception is a multi-element inquiry, and inherent local nature of the suit is not necessarily the determinative factor. As the party moving for remand, Plaintiffs evidently recognize that they bear the burden of

proof that they fall within this exception.  Though the Tenth Circuit has not discussed the subject of burden of proof for CAFA exceptions on a motion to remand, the consensus among the circuits and under *Valdez* is that the moving party bears it. [1]

The local controversy exception has four main elements:  (1) more than two-thirds of the proposed class members are citizens of New Mexico; (2) at least one defendant meets three requirements; (3) the principal injuries resulted from alleged conduct that occurred in New Mexico; and (4) in the three years before Plaintiffs filed their action, no other similar class action was filed.  *See* 28 U.S.C. §§ 1332(d)(4)(A)(ii)-(ii); *see also, e.g., Valdez,* 867 F. Supp. 2d at 1166; *Coll,* 2008 WL 9093362, at *4; *Doc. 20* at 10-11.  It appears that the first, third, and fourth main elements are satisfied.  *See, e.g., Doc. 20* at 11.

At issue here is the applicability of the second element and its "three defendant-specific" requirements.  CAFA requires that

> **(II)** at least 1 defendant is a defendant--
>
> **(aa)** from whom significant relief is sought by members of the plaintiff class;
>
> **(bb)** whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
> **(cc)** who is a citizen of the State in which the action was originally filed. . . .

---

[1] *See, e.g., Williams v. Homeland Ins. Co. of N.Y.,* 657 F.3d 287, 290 (5th Cir. 2011) ("The parties moving for remand bear the burden of proof that they fall within an exception to CAFA jurisdiction."); *Kaufman v. Allstate N.J. Ins. Co.,* 561 F.3d 144, 153 (3rd Cir. 2009) ("We also conclude that the District Court correctly assigned to Plaintiffs the burden of establishing that the local controversy exception applies."); *Valdez,* 867 F. Supp. 2d at 1185 ("The Plaintiffs [insureds who moved to remand] bear the burden of establishing that a CAFA exception applies.") (citing *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164 (11th Cir. 2006)).

28 U.S.C. §§ 1332(d)(4)(A)(i)(II). Because Standard is a nonresident of New Mexico, and GSD is a state agency, they cannot be considered as the qualifying "at least one defendant." *See Coll,* 208 WL9093362, at \*\*5. That status falls on Ms. Quintana's shoulders alone. And as to Ms. Quintana, Standard argues only that Plaintiffs fail to meet the "significant relief" and "significant basis" requirements for the local controversy exception, and Standard raises the same arguments for both factors. *See id.* at 12; *see also Doc. 1* at 15-23; *Doc. 32* at 15-20.

Congress did not define "significant relief," but the Tenth Circuit does not construe that requirement to mean a "'defendant from whom significant relief may be <u>obtained</u>'" since "nothing in the language of the statute that indicates Congress intended district courts to wade into the factual swamp of assessing the financial viability of a defendant as part of this preliminary consideration." *Coffey,* 581 F.3d at 1245 (emphasis added). The *Coll* decision also noted in dicta that even if the class cannot recover money from a defendant, injunctive relief sought can constitute "significant" relief. *Coll,* 2008 WL 9093362, at \*5.

Here, it is possible that Ms. Quintana may be key and ultimately solely responsible for the alleged mismanagement of the policy.[2] While none of the declaratory or injunctive relief Plaintiffs seek pertains to her, and her employer received the proceeds, under *Coffey,* this Court does not have to assess her "financial viability." Plaintiffs have included her in their demand for damages and that suffices to meet the "relief" prong. *See Doc. 1-9* at 29-30.

---

[2] *See, e.g., Valdez,* 867 F. Supp. 2d at 1165 ("a district court should focus [on] the complaint when addressing the [significant relief] subsection") (citing *Coffey,* 581 F.3d at 1245).

8

This Court recognizes that a recent decision from West Virginia questions whether joinder of local "agents" of the noncitizen insurer is what Congress "intended . . . to qualify as seeking significant relief from a local defendant." *Carter v. Allstate Ins. Co.,* Civil Action No. 5:12–CV–72, 2012 WL 3637239, at *9 (N.D. W. Va. Aug. 21, 2012). It cites a portion of a Committee Report that states:

> "In a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, a local agent of the company named as a defendant presumably would not fit this criteria. He or she probably would have had contact with only some of the purported class members and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole. Obviously, from a relief standpoint, the real demand of the full class in terms of seeking significant relief would be on the insurance company itself."

*Id.* (quoting S.Rep. No. 109–14, at 40). *Carter* also points to commentary in the Committee Report that discusses the "isolated role" insurance agents play in a "scheme implemented by the insurance company," and questions whether "Congress intended . . . 'significant basis' [to] apply to a local claims adjuster." *Id.* at *10 (internal quotations and citation omitted). The test it employed points up the distinguishable situation here. Since the Fourth Circuit had yet to interpret the phrase "significant basis," *Carter* employed the test from the Third Circuit, which "requires that there be 'at least one local defendant whose alleged conduct forms a significant basis for <u>all</u> the claims asserted in the action.'" *Id.* (quoting *Kaufman v. Allstate N.J. Ins. Co.,* 561 F.3d 144, 155 (3rd Cir. 2009) (emphasis added).

*Carter* and *Valdez* found the "local controversy" exception inapplicable, but they are materially and significantly distinguishable from the case at bar. Both involved

9

situations where several insurance companies and/or a claims adjuster were named as defendants and had sold automobile insurance policies over an extended period. Both employed the test from the Eleventh Circuit's decision in *Evans* to ascertain whether the relief against the named citizen agent was comparatively "isolated" or "insignificant" considering the relative proportion of the policies attributable to the agent that qualified as the "citizen." The element was not met in *Carter* against the citizen claims adjuster for a failure to tender proof. The citizen insurance agency in *Valdez* was one of six insurer defendants, only sold policies for one of the insurers, and relied on that insurer to supply the policies. *See, e.g., id.* at **1-6, 9; *Valdez,* 867 F. Supp. 2d at 1147, 1186-88. There was no dispute that the *Carter* local claims adjuster "was not the claims adjuster for some of the claimants which would qualify under the class." *Carter,* 2012 WL 3637239, at *10. Thus, his conduct did not form a basis for "all" of the claims.

     Here, in contrast, there is only one insurer and one local citizen defendant. Ms. Quintana claims, as a matter of fact, she had "no responsibility or authority to make any determinations about eligibility for coverage," or "enroll[ing] State employees in any coverage," or "obtain[ing] any necessary records directly from State employees applying for coverage." *See Doc. 1-8.* This, however, does not alter her status as an "employe[e] [of] Standard . . . as an Account Specialist," and Plaintiffs allege misconduct on her part: As Standard's <u>sole</u> employee in New Mexico charged with "manag[ing] the account of the State of New Mexico" at issue, in a job that "entails providing customer service to the State in connection with the Policy." *Id.* As such, she qualifies as a New Mexico citizen defendant from whom Plaintiffs whose conduct "forms a significant basis for the claims asserted" and from whom the class seeks "significant relief.

Indeed, Standard's response does not challenge Ms. Quintana's status as the Standard employee assigned to the New Mexico account.  Instead, Standard cites Plaintiffs' alleged failure to meet federal pleading requirements under *Twombly and* asserts fraudulently joinder of Ms. Quintana for the purpose of defeating CAFA jurisdiction.  Standard contends Plaintiffs have no "viable" claim against Ms. Quintana because she did not affirmatively do, or fail to do, anything with respect to policy eligibility that amounts to a "duty" under state law.  *See Doc. 32* at 12-16.   Standard does not refer to, and the Court has not found, controlling authority that holds on a motion to remand the Court must parse the state complaint under the *Twombly* standards or first evaluate the merits of the claims under state law, as Standard and Ms. Quintana are urging in their pending motions to dismiss.  To the contrary, Judge Browning has held:

> In addressing whether a non-diverse party was fraudulently joined, however, the Court does not apply the same standard that it must apply in addressing a motion to dismiss. . . . Also, ultimately although the Court is limited to looking at the four corners of the Complaint to determine a motion to dismiss, and must convert the motion to a summary judgment motion to consider extrinsic evidence, **on a motion to remand** for lack of jurisdiction involving the fraudulent joinder and the law of diversity, the Court is to consider whether there "is no possibility that [the plaintiff] would be able to establish a cause of action" against the party alleged to be fraudulently joined. . . .  At this stage, the Court believes the proper standard is not to determine whether J. Archuleta has yet stated a "possibly viable" claim, but to decide whether she *can* state a "possibly viable" claim. A claim is "possibly viable" if, with amendment it would state a cause of action.[FN5] The Court will thus determine whether there is a possibility that any of J. Archuleta's claims against Reid are viable . . . in state court . . .
>
> FN5. This liberal rule is also dictated by the rules for remand, and not just the rules for fraudulent joinder.

> . . .
>
> There is a possibility that J. Archuleta has stated or could, with amendment, state a viable claim against Reid.

*Archuleta v. Taos Living Ctr., LLC,* 791 F. Supp. 2d 1066, 1074-77, 1081 (D.N.M. 2011) (internal quotations and citations omitted) (emphasis added).

The Court finds that this controversy fits snugly into the "local controversy" exception Congress envisioned when formulating CAFA. Accordingly, remand is mandatory.

### C. Amount In Controversy As Basis For Remand

The Court notes that if Standard failed to demonstrate the requisite amount in controversy, remand would also be required. Under CAFA, the aggregate class damages must exceed $5 million dollars. *See, e.g., Knowles,* ___ U.S. at ___, 133 S. Ct. 1348; *Lafalier,* 391 F. App'x at 734. The parties disagree on the number of employees and the aggregate amount of their claims. For example, the estimates Standard provided with extrinsic evidence are the subject of a motion to strike. Plaintiffs' counsel interprets the definition of class members differently than Standard and has estimated publicly that the claims are worth a few hundred thousand dollars shy of the $5 million threshold. *See, e.g., Doc. 32* at 2-3, 6-9, 14 nn. 1, 3, 4-5; *Doc. 40* at 11. Standard does not take issue with the proposition that discovery may be required to resolve remand issues and itself has requested permission to obtain discovery and supplement the record based on any "reformulated" class definition. *See Doc. 20* at 2, n1; *Doc. 32* at 8-9, nn. 3-4. Given the Court's conclusion that remand is mandated

under CAFA's local controversy exception, it is unnecessary to address the amount in controversy arguments of the parties.

### D. The Court Will Deny Plaintiffs' Request For Fees

Plaintiffs request "fees and costs for having to remand this improperly removed case to state court" on the same grounds it argues remand. *See Doc. 20* at 22. As this District noted and held in *Archuleta:*

> "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has relatively recently clarified the standards governing an award of fees under § 1447(c) in a case from the United States District Court for the District of New Mexico and from the Tenth Circuit. In Chief Justice Roberts' first written opinion for the Supreme Court, the Supreme Court stated: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 [] (2005). It is not necessary that the plaintiff show that the defendants acted in bad faith to win attorney's fees.

*Archuleta,* 791 F. Supp. 2d at 1081-82. For the reasons stated above, the Court does not find Standard's arguments to be objectively unreasonable, particularly in the absence of controlling authority to the contrary.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand *(Doc. 19)* is **granted.** The Clerk is directed to remand this case to the First Judicial District Court of Santa Fe County, New Mexico.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE