## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**BRETT F. WOODS and**
**KATHLEEN VALDES**

     **Plaintiffs,**

**v.**                                   **NO.  12-CV-1327-KBM/LAM**

**STANDARD INSURANCE CO., et al.,**

     **Defendants.**

### AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

**THIS MATTER** is before the Court on Defendants' *Agreed Motion for Entry of Confidentiality and Protective Order (Doc. 67)*, filed January 11, 2016.  Pursuant to the stipulation of the parties for the entry of this confidentiality and protective order ("Protective Order"), it is hereby **ORDERED** as follows:

    **1.**    **Qualified Persons.**

"Qualified Persons" means:

    a.    For Counsel or Attorneys Eyes Only information:

        i.    retained counsel for the parties in this litigation and their respective staff;

        ii.    in-house counsel for the parties;

        iii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Confidential Information to such person, have agreed in writing to be bound by the terms of this Protective Order and have been designated in writing by notice to all counsel;

        iv.    this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.      For Confidential information:

    i.      the persons identified in subparagraph 2(a);

    ii.     the party, if a natural person;

    iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have agreed to be bound by the terms of this Protective Order;

    iv.     litigation vendors, court reporters, and other litigation support personnel;

    v.      any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.      Such other person as this Court may designate after notice and an opportunity to be heard.

**2.      <u>Designation Criteria.</u>**

a.      *Confidential Information.*   A party shall designate as "Confidential" only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

Information and documents that may be designated as Confidential include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, competitive analyses, personnel files, and personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

b.      *For Counsel or Attorneys Eyes Only.*  The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for Confidential Information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, personnel and personal information, and certain study methodologies.

3.      **Use of Confidential Information.**

All Confidential Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

4.      **Marking of Documents.**

Documents provided in this litigation may be designated by the producing person or by any party as Confidential by marking each page of the documents so designated with a  stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

5.      **Disclosure at Depositions.**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts  retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be  designated by any party as Confidential information by indicating on the record at the deposition  that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this  Order.

3

If the Producing Party has advised the court reporter that Confidential Information has been disclosed during a deposition, the court reporter shall include on the cover page of the transcript the following indication: "DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF PRODUCING PARTY] - SUBJECT TO CONFIDENTIALITY ORDER."  No objection shall be interposed at deposition that an answer would elicit confidential information, but counsel may identify Confidential Information at the time it is disclosed.  To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential Information with blank, consecutively numbered pages  being provided in a nondesignated main transcript.  The separate transcript containing Confidential  Information shall have page numbers that correspond to the blank pages in the main transcript.

Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Confidential Information thereafter.  Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control.   All deposition transcripts  shall be treated as Confidential Information "For Counsel Only" for a period of 30 days after initial receipt of the transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or  testimony during which Confidential Information is being used or discussed.

6.      **Disclosure to Qualified Persons.**

a.      *To Whom.* Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) so that the designating party may seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.      *Retention of Copies During this Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside and in-house counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Confidential Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation without violating the provisions of this paragraph.

7.      **Unintentional Disclosures.**

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or For Counsel Only information, the party shall immediately upon learning of such

disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**8. Documents Produced for Inspection Prior to Designation.**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Confidential Information shall be marked as described in Paragraph 4.

**9. Consent to Disclosure and Use in Examination.**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Confidential Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information.

**10. Challenging the Designation.**

a. *Confidential Information.* A party shall not be obligated to challenge the propriety of a designation of information as Confidential Information or For Counsel Only/Attorneys Eyes Only at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information or For Counsel Only/Attorneys Eyes Only, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by

objecting in writing to the party who designated the document or information as Confidential Information.  The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information.  The disputed information shall retain its designation unless and until the Court orders otherwise.  Failure to move for an order shall constitute a termination of the status of such item as Confidential Information.

b.    *Qualified Persons.*  In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Confidential Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Confidential Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the Court for an order denying the designated person (a) status as a Qualified Person, or (b) access to particular Confidential Information.  The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm.  Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.  Failure to timely move for an order denying access shall waive the right to object to the person's status as a Qualified Person or the person's access to the particular Confidential Information.

11.    <u>**Manner of Use in Proceedings.**</u>

In the event a party wishes to use any Confidential Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (*e.g.*, in connection with discovery and evidentiary motions)

provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.  The party using the Confidential Information may choose from those options at its sole discretion.

### 12.    Filing Under Seal.

All Court filings that contain Confidential Information shall be filed under seal pursuant to the Court Rules.  In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information.  This requirement shall not apply to any document to which the producing party has consented to the filing of a redacted copy as set forth in Paragraph 11.

### 13.    Return of Documents.

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 1 (except subparagraph 1(a)(iii)) shall be returned to the producing party or destroyed, except as  this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing.   Notwithstanding this obligation to return or destroy information, counsel may retain any pleading, transcript (including exhibits) or attorney work product that includes or references information protected under this Order provided that confidentiality is preserved.

### 14.    Ongoing Obligations.

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such

8

provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

### 15.   Advice to Clients.

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 16.   Duty to Ensure Compliance.

The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Information.

### 17.   Waiver.

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

### 18.   Modification and Exceptions.

This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Confidentiality Order, notwithstanding the termination of this action.   The parties may, by

stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

      **19.**    **<u>Other Matters.</u>**

Nothing contained in this Confidentiality Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Information sought.

Documents produced pursuant to this Confidentiality Order remain the property of the producing Party and do not, as a result of being produced pursuant to the Confidentiality Order, become "public records" as that term is used in the Inspection of Public Records Act (NMSA 1978 §§ 14-2-1 et seq.) and shall not be deemed to be used, created, received maintained or held by or on behalf of any public body or to relate to public business by virtue of being produced pursuant to the Confidentiality Order.

      **IT IS SO ORDERED.**

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

**AGREED AS TO FORM AND SUBSTANCE:** *(Prior to modification by the Court)*

**PEIFER, HANSON & MULLINS, P.A.**

By:  */s/ Matthew E. Jackson* _____
  Charles R. Peifer
  Robert E. Hanson
  Matthew E. Jackson

Post Office Box 25245
Albuquerque, NM  87125-5245
TEL: (505) 247-4800
FAX: (505) 243-6458

-and-

William H. Carpenter
CARPENTER LAW OFFICE LTD.
1600 University Blvd. NE #A
Albuquerque, NM 87102-1724
Telephone: 505-243-1336
Facsimile: 505-243-1339

*Attorneys for Plaintiffs*

**FIGARI & DAVENPORT, L.L.P.**

By:  */s/ Keith R. Verges* _____
  Keith R. Verges

3400 Bank of America Plaza
901 Main Street
Dallas, TX 75202
TEL: (214) 939-2000
FAX: (214) 939-2090

-and-

W. Mark Mowery
Rodey, Dickason, Sloan, Akin & Robb, P.A.
119 East Marcy Street, Ste. 200
Santa Fe, NM 87501

*Attorneys for Defendant Standard Insurance*
*Company & Martha Quintana*

**CIVEROLO, GRALOW, HILL**
 **& CURTIS, P.A.**

By:  */s/ Lisa E. Pullen* _____
  Lisa E. Pullen
  M. Clea Gutterson
  Ellen M. Kelly

P.O. Drawer 887
Albuquerque, NM 87103-0887

*Attorneys for Defendant State of New Mexico*
*General Services Department, Risk*
*Management Division*