UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRETT F. WOODS AND KATHLEEN
VALDES, FOR THEMSELVES AND ALL
OTHERS SIMILARLY SITUATION,

    Plaintiffs,

vs.                                                  Case No. 1:12-cv-01327-KBM/KRS

STANDARD INSURANCE COMPANY, AN
OREGON INSURANCE COMPANY, MARTHA
QUINTANA, A NEW MEXICO RESIDENT,
AND THE STATE OF NEW MEXICO
GENERAL SERVICES DEPARTMENT RISK
MANAGEMENT DIVISION,

    Defendants.

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT, CERTIFYING A SETTLEMENT CLASS,
APPOINTING CLASS COUNSEL, DIRECTING THE ISSUANCE OF CLASS NOTICE,
AND SCHEDULING FINAL FAIRNESS HEARING**

This matter having come before the Court on May 5, 2017, and having considered the proposed terms and heard the presentation of the parties, the Court finds that Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Certifying a Settlement Class, Appointing Class Counsel, Directing the Issuance of Class Notice, and Scheduling a Final Fairness Hearing (Doc. No. 92) is well taken and is hereby granted as follows:

The Court hereby FINDS:

1.      This action (the "Action") was originally filed on November 20, 2012, in the First Judicial District Court, County of Santa Fe, State of New Mexico against Defendants Standard Insurance Company ("Standard"), Martha Quintana ("Quintana"), and the State of New Mexico General Services Department, Risk Management Division ("GSD"), alleging on behalf of

Plaintiffs and the proposed Class that Defendants had accepted premiums without providing coverage in return for the premiums paid;

2. Defendant Standard Insurance ("Standard") removed the case to this Court on December 28, 2012;

3. This Court has jurisdiction over the parties and subject matter herein;

4. The parties have vigorously litigated the case, including fully briefing dispositive motions, a motion to remand, and an interlocutory appeal of the Court's order remanding the case to state court;

5. After extensive arms-length settlement negotiations and multiple mediations, the parties agreed to material settlement terms by agreeing to a Memorandum of Settlement on August 12, 2016, and, then, a formal Settlement Agreement, subject to Court approval which the parties have recommended to the Court for preliminary approval;

6. The parties have agreed to a proposed Full Notice of Class Action and Summary Notice of Class Action for the purpose of providing direct and individualized notice to the proposed Class;

7. The Court has carefully and rigorously considered the settlement terms, the Settlement Agreement, and all of the other pleadings, papers, testimony, exhibits, discovery, and oral arguments herein, and the presentations of counsel for the parties regarding preliminary approval of the proposed Settlement;

8. The Court preliminarily finds that the settlement terms are fair, reasonable and adequate and in the best interests of the Class, considering possible benefits to the proposed Class that could be achieved by further litigation, the length of time this action has been pending, the expenses of further litigation, the risks and costs of further delay, the complexity of

this litigation, and the risk to the proposed Class of achieving a less favorable outcome, and the Court has determined that it would be in the best interests of the parties and the ends of justice for this Court to conduct a final approval hearing regarding the proposed settlement;

9. For purposes of the settlement of this action (and only for such purposes, and without an adjudication of the merits), the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law have been met in that:

   a) The proposed Class consists of tens of thousands of persons who were enrolled for insurance coverage under Standard Group Life Insurance Policy no. 645553-A and all amendments thereto as of all dates from July 1, 2007 to June 30, 2015 according to GSD records and/or records of Local Public Bodies. The settlement class members are so numerous that their joinder before the Court would be impracticable;

   b) The commonality requirement of Rule 23(a)(2) generally is satisfied when members of the proposed Class share at least one common factual or legal issue. Here, Plaintiff has alleged several questions of fact and law purportedly common to the Class, including whether Standard and GSD engaged in a common course with respect to the collection of premiums, identification of persons covered under Policy no. 645553-A and offering of individualized certificates of insurance. Considering the allegations in the pleadings on file, the Court preliminarily finds that these allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Class;

c) Based on Plaintiffs' allegations that Standard and GSD engaged in uniform conduct with respect to the members of the Class and the presentation of Class Counsel, the Court preliminarily finds that the claims of the representative Plaintiffs are typical of the claims of the Class;

d) The Court preliminarily finds that the proposed Class is adequately represented by the named Plaintiffs, Brett F. Woods and Kathleen Valdes, and by experienced class action attorneys Charles Peifer, Robert Hanson, and Matthew Jackson, Peifer, Hanson & Mullins, P.A. and William H. Carpenter, Carpenter Law Office Ltd. (collectively "Class Counsel") and that the named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the proposed Class, in that (i) the interests of the named Plaintiffs and the nature of their alleged claims are consistent with those of all members of the proposed Class, (ii) there appear to be no conflicts between or among the named Plaintiffs and the proposed Class Members, (iii) the named Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this action, and (iv) the named Plaintiffs and the proposed Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions of this nature; and

e) The Court preliminarily finds that a resolution of this action in the manner proposed by the Settlement Agreement is superior to other available methods for a fair and efficient adjudication of the action.

f) In making these preliminary findings, the Court has considered, among other factors: (i) the interests of the proposed Class Members in individually controlling

the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum; and

10. Good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The terms used herein shall have the same meaning as defined in the Settlement Agreement filed with the Court as Exhibit 1 to the Motion and incorporated herein by reference.

2. The Court preliminarily certifies a settlement class of all "Members" who were enrolled for insurance coverage under Standard Group Life Insurance Policy no. 645553-A and all amendments thereto as of all dates from July 1, 2007 to June 30, 2015 according to GSD records and/or records of Local Public Bodies. Excluded from the Class are the Judge of this Court and her staff, Defendant Martha Quintana, and all directors, officers, and managers of Defendant Standard Insurance Company and their immediate families, and Class Counsel. This Class is for settlement purposes only, and should the settlement between the parties be terminated or not finally approved, this certification shall be automatically voided.

3. Plaintiffs Brett F. Woods and Kathleen Valdes are hereby appointed as Class Representatives. This appointment is for settlement purposes only, and should the settlement between the parties be terminated or not finally approved, the appointment shall be automatically voided.

4. The Court appoints Class Counsel, as set forth in Finding No. 9, above to represent the Class.

5. Pending resolution of the settlement proceedings, the Court hereby asserts jurisdiction over the Class Members for the purposes of effectuating this settlement and releasing their claims.

6. Pending resolution of these settlement proceedings, no Class Member shall commence or prosecute, either directly or through another person or entity, any action or proceeding in any court or tribunal asserting any of the settled claims against any Defendant or other released party.

7. The Settlement Agreement does not constitute an admission, concession, or indication by any Defendant of the validity of any claims in this Action or of any wrongdoing, liability, or violation of law by any Defendant. Nor does the Settlement Agreement constitute an admission, concession, or indication by Plaintiffs or the Class that their alleged damages are limited to the settlement amount.

8. As recommended by Class Counsel, the Court approves and appoints Dahl Administration, LLC ("Dahl") to administer the settlement for the purposes of providing notice to the Class and, if the settlement is finally approved, distribution of payments to Class members.

9. Having considered the full Notice of Class Action Settlement and Summary Notice of Class Action Settlement submitted by Class Counsel, the Court concludes that the form and manner of giving notice by posting the full Notice on a settlement website and by distributing the Summary Notice by email or first-class mail as required by this Order to the Class is the best means of notice to members of the Class that is practicable in the circumstances and constitutes due and sufficient notice of the proposed Settlement to all persons entitled to participate in the proposed Settlement, in full compliance with the constitutional

requirements of due process and of the Federal Rules of Civil Procedure, including Rules 23(c) and 23(e) and that no further notice is necessary. The forms and manners of notice proposed by Class Counsel are hereby approved and Class Counsel are hereby ordered to see that such notice is effected as described.

10. Not later than 30 calendar days from entry of this Order, Dahl shall establish a website and post the full Notice of Class Action Settlement, which shall be downloadable, on that website.

11. Not later than 30 days from entry of this Order, Dahl shall send the Summary Notice of Class Action by email or first-class mail to each Class Member as set forth in Paragraphs 3.4(c) and 3.4(d) of the settlement agreement.

12. In order to facilitate the identification of Eligible Class Members and to implement the Plan of Allocation, within the later of three business days after the entry of this Order or April 28, 2017 (60 days after execution of the Settlement Agreement), GSD will produce Excel spreadsheets from the existing SHARE and Erisa databases containing the following information for each Class Member, sorted by name: name, address currently of record, email address (if any), social security number, date of birth, plan type, plan, coverage election, coverage begin date, election date, effective date, and hire date. To the extent that questions may arise relating to the identity of Class Members or the calculation of payments pursuant to the proposed Plan of Allocation, Defendants and Class counsel shall confer in good faith with Dahl Administration Services and/or each other to help determine whether a response is reasonably available from GSD's existing SHARE and Erisa databases to those questions. If such a conference does not resolve the issue, Class counsel or Defendants' counsel may apply to the Court for resolution of the issue.

13. Before the date fixed by this Court for the Final Fairness Hearing, which shall be on September 14, 2017, Class Counsel shall cause to be filed with the Clerk of the Court and served upon Defendants' counsel affidavits or declarations of the person or persons under whose direction notice to the Class was effective, certifying that notice was effected as described.

14. If this Court ultimately determines not to approve this proposed Settlement Agreement, or should any decision of this Court approving the proposed Settlement Agreement be reversed on appeal, then the findings made in this Order shall become null and void and the issues to which those findings relate herein shall remain for decision by this Court as if the proposed Settlement Agreement had not been entered into.

15. As recommended by Class Counsel, the Court approves and appoints Dahl to hold and disburse the Settlement Payment and to perform all duties required by the Settlement Agreement.

16. On September 14, 2017, at 2 p.m., in the Cimarron Courtroom at the Pete V. Domenici United States Courthouse, 333 Lomas Boulevard NW, Albuquerque, New Mexico, a hearing shall be held by the Court (the "Final Fairness Hearing") to determine: (a) whether the Court should approve the fairness, reasonableness, and adequacy of the terms and conditions of the proposed settlement set forth in the Settlement Agreement and enter a Final Order thereon; (b) the amount of attorneys' fees and reimbursement of litigation expenses to be awarded to Class Counsel pursuant to the Settlement Agreement; (c) the reasonableness of a request for incentive awards to the Class Representatives; and (d) such other matters as may reasonably come before the Court in connection with the proposed Settlement.

17. Any Class Member may enter an appearance *pro se* or through counsel of such Member's own choosing and at such Member's own expense. Any Class Member who does not enter an appearance or appear *pro se* will be represented by Class Counsel.

18. All Class Members who wish to opt out of the Class must, no later than August 25, 2017, submit to Dahl, either by letter, postcard, or electronically through the settlement website, the following: a) the title of the Action: "*Brett F. Woods and Kathleen Valdes, for themselves and all others similarly situated v. Standard Insurance Company, et. al.*, Case No. 1:12-cv-01327-KBM-KRS"; (b) the full name, email address, postal address, and telephone number that were used in conjunction with the Class Member's enrollment for Policy benefits and current information if that information has changed; (c) a statement that the Class Member does not wish to participate in the proposed settlement; and (d) the Class Member's signature. All Class Members who do not timely and properly submit a written exclusion from the Class shall be enjoined from filing, commencing, prosecuting, intervening in, or participating in (as Class members or otherwise), any lawsuit in any jurisdiction based on or relating to any of the Released Claims, and all persons shall be enjoined from filing, commencing, or prosecuting a lawsuit as a class action on behalf of Class Members who have not timely excluded themselves, based on or relating to any Released Claims. Furthermore, such Class Members who have not timely excluded themselves shall be bound by the Settlement Agreement if it is approved by the Court at the Final Fairness Hearing.

19. Not later than ten (10) calendar days after the deadline for opting out of the Class or objecting to the Settlement, Dahl shall provide Class Counsel and Defendants' counsel with a list of Class members who have timely and validly excluded themselves from the Class. Not later than five (5) days before the Final Fairness Hearing, the Parties shall jointly file with the

9

Court a complete list of all Class Members who have validly and timely excluded themselves from the Class.

20. Any Class Member who wishes to object to the Settlement on any grounds must file that objection with the Court and serve that objection by first-class mail, postmarked on or before fifteen (15) days prior to the Final Fairness Hearing, on: (i) Class Counsel, Peifer, Hanson & Mullins, P.A., *Attn*: Standard Insurance Settlement, P.O. Box 25245, Albuquerque, New Mexico 87125; (ii) Standard's counsel, Mr. Timothy A. Daniels, Figari + Davenport, LLP, 901 Main Street, Suite 3400, Dallas, Texas, 75202; and (iii) GSD's counsel, Lisa E. Pullen, Civerolo, Gralow & Hill, P.A., P.O. Drawer 887, Albuquerque, NM 87103.

21. To be considered by the Court, the objection must include: (1) a heading containing the name and case number of the Action: "*Brett F. Woods and Kathleen Valdes, for themselves and all others similarly situated v. Standard Insurance Company, et. al.*, Case No. 1:12-cv-01327-KBM-KRS;" (2) the objector's name, email address, postal address, and telephone number that were used in conjunction with the enrollment for Policy benefits and current information if that information has changed; (3) a detailed statement of each objection and the factual and legal basis for each objection, and the relief that the objector is requesting; (4) a list of and copies of all documents or other exhibits that the objector may seek to use at the Final Fairness Hearing; and (5) a statement of whether the objector intends to appear, either in person or through counsel, at the Final Fairness Hearing, and if through counsel, a statement identifying the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted. Any objection which is not timely mailed, or which fails to satisfy all the foregoing requirements, shall be forever barred. A Class Member, whether or not represented by separate legal counsel, who fails to timely mail an objection shall

be bound by all terms of the Release and by all proceedings, orders and judgments by this Court in the Action. A Class Member may object either on his or her own behalf or through any counsel retained at that Class Member's expense. Class Counsel and Defendants' counsel shall submit all such objections to the Court ten (10) days prior to the Final Fairness Hearing.

22. Class Members, whether represented by an attorney or not, who have properly and timely filed and served objections in compliance with Paragraphs 20 and 21 above may appear at the Final Fairness Hearing.

23. Any Class Member, whether represented by an attorney or not, who does not timely file and serve a proper written objection shall not be permitted to object at the Final Fairness Hearing, shall be deemed to have waived and forfeited any and all rights he or she may have to object at the Final Fairness Hearing, shall be foreclosed from raising any objection at the Final Fairness Hearing, and shall be bound by all of the terms of the Release and by all proceeding, orders and judgment by this Court in the Action.

24. Class Counsel are authorized to act on behalf of Class Members in this Action with respect to all acts or consents required by, or which may be given pursuant to the Settlement Agreement, or such other acts which are reasonably necessary to consummate the proposed Settlement.

25. Five (5) days prior to the Final Fairness Hearing, Class Counsel and Defendants' counsel shall file with this Court, and serve one another, copies of all submissions in support of final approval of the proposed Settlement Agreement.

26. Five (5) days prior to the Final Fairness Hearing, Class Counsel shall file with the Court, and serve on Defendants' counsel, Class Counsel's application for attorneys' fees and reimbursement of litigation expenses and the Class Representatives' applications for incentive

awards.  Final determination of Class Counsel's fee and litigation expense application, and of the Class Representatives' incentive award application, shall be made at the Final Fairness Hearing.

27. The Final Fairness Hearing, and all dates provided for herein, may from time to time, and without further notice to the Class, be continued or adjourned by order of the Court.

28. In the event the proposed Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Order that becomes Final as described in the Settlement Agreement, then, in either of such events, except for the provisions in Paragraph 2.1(f) requiring the payment of any remaining balance to Standard, the Settlement Agreement shall become null and void and of no further force and effect, and shall not be used or referred to for any purpose whatsoever.  In such event, (a) except for this Paragraph, this Order, including without limitation the findings contained herein, shall be null and void and automatically vacated, and (b) the Settlement Agreement and all related pleadings thereto shall be withdrawn without prejudice as to the rights of any and all parties thereto, who, in accordance with the provisions of the Settlement Agreement, shall be restored to their respective positions existing immediately prior to the date of execution of the Settlement Agreement.  In such event, the parties shall cooperate in scheduling matters so that no party is prejudiced as a result of the need to recommence the litigation.

29. The Court reserves the right to approve the Settlement Agreement with such modifications as may be agreed to by the parties to the Settlement Agreement and without requiring further notice to the Class Members.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

Submitted by:

PEIFER, HANSON & MULLLINS, P.A.

By: */s/ Matthew E. Jackson*
      Robert E. Hanson
      Matthew E. Jackson
P.O. Box 25245
Albuquerque, New Mexico 87125-5245
Tel: (505) 247-4800
*Attorneys for Plaintiffs and the Class*

-and-

CARPENTER LAW OFFICE LTD

William H. Carpenter
201 Broadway Blvd., SE
Albuquerque, NM 87102
Tel:    (505) 243-1336
Email: whcarpenter@carpenter-law.com

Approved by:

By:   *via electronic approval on May 8, 2017*
      Timothy A. Daniels
      Ryan K. McComber
Figari & Davenport, LLP
901 Main St, Ste 3400
Dallas, TX  75202
Tel: (214) 939-2047
Email: tim.daniels@figdav.com
           ryan.mccomber@figdav.com

*Attorneys for Defendants Standard Insurance Company and Martha Quintana*

-and-

By: *via electronic approval on May 8, 2017*
 Lisa E. Pullen
Civerolo, Gralow & Hill P.A.
P.O. Drawer 887
Albuquerque, NM 87103-0887
Tel: (505) 842-8255
Email: pullenl@civerolo.com

*Attorney for State of New Mexico General Services Department Risk Management Division*