UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRETT F. WOODS AND KATHLEEN
VALDES, FOR THEMSELVES AND ALL
OTHERS SIMILARLY SITUATED,

    Plaintiffs,

vs.                                                      Case No. 1:12-cv-01327-KBM/KRS

STANDARD INSURANCE COMPANY, AN
OREGON INSURANCE COMPANY, MARTHA
QUINTANA, A NEW MEXICO RESIDENT,
AND THE STATE OF NEW MEXICO
GENERAL SERVICES DEPARTMENT RISK
MANAGEMENT DIVISION,

    Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND APPLICATION FOR APPROVAL OF ATTORNEYS' FEES AND EXPENSES AND <u>CLASS REPRESENTATIVE INCENTIVE FEES</u>**

THIS MATTER having come before the Court on the Plaintiffs'/Class Representatives' Motion and Memorandum in Support of Final Approval of Settlement and Application for Approval of Attorneys' Fees and Expenses and Class Representative Incentive Fees, the Court having entered its Order of Preliminary Approval, and having conducted a Final Fairness Hearing to determine whether the proposed settlement should be approved as fair, adequate, and reasonable on September 14, 2017, the Court concludes that the Settlement is fair, reasonable and adequate, and that it should be approved.

It is, therefore, ORDERED as follows:

1.      The Court has jurisdiction over the subject matter of this suit and all parties to this lawsuit.  The Court approves the Settlement Agreement and its terms and conditions, which are incorporated herein as part of this Order.

2.      The terms used in this Order shall have the same meaning as defined in the Settlement Agreement.

3.      The Court finds that the proposed Class is adequately represented by the named Plaintiffs, Brett F. Woods and Kathleen Valdes, and by experienced class action attorneys Charles Peifer, Robert Hanson, and Matthew Jackson, Peifer, Hanson & Mullins, P.A. and William H. Carpenter, Carpenter Law Office Ltd. (collectively "Class Counsel").

4.      The Court finds that the form and method of notice given to the Class, including the individualized emailed and mailed notice to persons based on information provided by Defendant State of New Mexico, General Service Department, Risk Management Division ("the State"), was practical and complied with the requirements of Federal Rule of Civil Procedure 23(e), satisfied the requirements of due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice of the Settlement Agreement and its terms, the Final Fairness Hearing, and other matters referred to in the Notice.  The notice given to the Class was reasonably calculated under the circumstances to inform them of the pendency of the claims involved in this case, of all material elements of the proposed Settlement, and of their opportunity to exclude themselves from, object to, or comment on the Settlement and to appear at the Final Fairness Hearing.

5.      The lengthy settlement negotiations, informal discovery, and independent investigation by the attorneys in this matter to date, and the factual record compiled, suffices to

have enabled the Settling Parties to make an informed decision as to the fairness and adequacy of the proposed Settlement.

6. The Court finds that those potential Class Members who have timely opted out of the Settlement Class as of August 25, 2017 as listed in the filings with the Court (specifically the Joint Notice of Opt-Outs, [Doc. No. 99, filed 9/8/17]) are hereby excluded from the Class.

7. Those Class Members who have filed timely and valid requests to be excluded from the Class ("Opt-Out Claimants") are not bound by this Order. They shall not receive any benefits under the Settlement Agreement. This Order shall not bar any Opt-Out Claimant from prosecuting any individual claims that he or she may have in a separate lawsuit.

8. The Court held a Final Fairness Hearing on September 14, 2017, to consider the fairness, reasonableness, and adequacy of the proposed Settlement. Class Members were given full opportunity to participate at the Final Fairness Hearing. The Court was advised of any objections to the Settlement, has given fair consideration to any such objections and to the adequacy of the notice given to the Class. Specifically, the Court considered, *inter alia*: (1) whether the proposed Settlement was fairly and honestly negotiated; (2) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; (3) the judgment of the Parties and their respective counsel that the Settlement is fair and reasonable; (4) the plan of distribution as set forth in the Settlement; and (5) the remaining submissions and arguments of the Parties and any objectors. The Court finds that all requirements for final approval of the settlement under Federal Rule of Civil Procedure 23(e) have been satisfied.

9. After this consideration, the Court concludes that arm's length negotiations have taken place in good faith between Class Counsel and counsel for Defendants and, after extensive

factual investigation, including informal discovery, these negotiations have resulted in the Settlement Agreement, which is proper and in the best interests of the Class given the benefits and certainty of Settlement; the risks, complexity, expense, and probable lengthy duration of further litigation; and the absence of any opposition to the Settlement.

10. The Settlement is hereby approved in all respects.

11. The Court has considered the letter submitted to counsel by Emily Murray as an objection. That letter was not filed with the Court as required by the Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Certifying a Settlement Class, Appointing Class Counsel, Directing the Issuance of Class Notice, and Scheduling Final Fairness Hearing (Doc. 97). Moreover, Ms. Murray's letter appears to address a claim for benefits relating to a death that occurred prior to issuance of the Policy, and that would have been reserved and not released had the death occurred under the Policy. Ms. Murray's objection does not set forth an objection to any term of the settlement. Ms. Murray's objection is thus overruled.

12. The Court has considered the application of Class Counsel for reasonable attorneys' fees and reimbursement of litigation expenses. This Court has considered and finds that Class Counsel have satisfied all applicable standards of reasonableness. Class Counsel are awarded 30% of the Settlement Amount of $2,400,000, plus applicable New Mexico gross receipts taxes thereon, as reasonable attorneys' fees for the services performed and to be performed by Class Counsel in connection with the settled claims. Gross receipts taxes shall be calculated as applicable based upon the location of the attorney receiving the fee. Class Counsel are awarded in addition $9,177.29 as reimbursement for litigation expenses and taxes incurred thereon in prosecuting the settled claims. The Court finds that the fee award is within the

ordinary range of percentages awarded in settlements of this type and that Class Counsel secured an excellent outcome at great risk with compensation wholly contingent on the result achieved.

13. The application of the Class Representatives for a fee is hereby granted. Brett F. Woods and Kathleen Valdes are each hereby awarded $10,000 as a Class Representative Fee from the Settlement Amount.

14. Class Counsel requested that the Settlement Administrator, Dahl Administration, LLC ("Dahl") be reimbursed for the costs incurred to administer the settlement. Per the Settlement Agreement, half of these costs are to be paid by Defendant Standard Insurance Co. ("Standard"). Based on Dahl's incurred costs of $87,342.55 and its estimated future costs of $77,695 for a total of $165,037.55, Class Counsel requested and the Court approves $82,518.78 to be paid from the Settlement Amount for the Class's portion of Dahl's incurred and future costs of administration.

15. Class Counsel requested additional reserved funds from the Settlement Amount to cover future anticipated costs of administration in the amount of $5,000. The Court approves that request. Any reserved funds remaining after the payment of the future anticipated costs of administration will be distributed pursuant to the Settlement Agreement.

16. The attorneys' fees, reimbursement of litigation expenses, and Class Representative Fee shall be paid from the Settlement Amount, as set forth and described in the Settlement Agreement upon entry of this Order. Standard and Martha Quintana shall not be liable for any taxes, including New Mexico's gross receipts tax, in connection with the awards of this Paragraph.

17. Pursuant to the Settlement Agreement, as soon as practicable after Final Approval, the net Settlement Amount shall be distributed among all Class Members by Dahl, in

accordance with Paragraph 2.1(d) of the Settlement, after deduction of any court-approved expenses of administration and any taxes, administrative, and related fees.  Standard and Martha Quintana shall not be liable for any taxes, including New Mexico's gross receipts tax, in connection with the distributions of this Paragraph.

18. In allocating settlement proceeds to Eligible Class Members as provided in the Settlement Agreement, Dahl is authorized to rely upon the data provided by the State.

19. All Released Claims in this Action (but not the Reserved Claims) are dismissed against all Defendants with prejudice as to all Class Members, their heirs, beneficiaries, executors, administrators, successors, and assigns and any other persons or entities they represent as set forth in the Settlement Agreement.  Such dismissal is final, binding and with prejudice against all Class Members and the Parties.  Each party is to bear his, her or its own fees and costs, except as otherwise provided in this order.

20. Class Members are deemed to have released and forever discharged Defendants with respect to the Released Claims as set forth in the Settlement Agreement.  The release does not include a release of claims for insurance benefits by a member or dependent of a member who died or suffered a covered Accidental Death and Dismemberment loss prior to the date of the entry of this Order or persons excluded from the Class, as set forth in the Settlement Agreement.

21. Class Members, which term excludes Opt-Out Claimants, are hereby permanently barred and enjoined from instituting or prosecuting, either directly, representatively, derivatively or in any other capacity, any other action against Defendants asserting any of the Released Claims as set forth in the Settlement Agreement.

22. The Class and Defendants, their agents, employees, counsel, and the Settlement Administrator shall not be liable for anything done or omitted in connection with these proceedings, the entry of this Order, or the administration of any payments made to Class Members as provided in the Settlement Agreement, except for their own willful misconduct.

23. The Court, without affecting the finality of this Order, hereby retains and reserves jurisdiction over: (a) enforcement of the Settlement Agreement, (b) implementation of the Settlement and any distribution under the terms and conditions of the Settlement Agreement, and pursuant to further orders of this Court; (c) disposition of the Settlement Amount under the terms and conditions of the Settlement Agreement and Additional Notice; (d) the settled claims until the date upon which this Order Granting Final Approval of Settlement is no longer subject to further appeal or review; (e) entry of final judgment in this case; and (f) any award of attorneys' fees, costs, and disbursements.

_____
THE HONORABLE KAREN B. MOLZEN
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent

Submitted by:

PEIFER, HANSON & MULLLINS, P.A.


By: */s/ Matthew E. Jackson*
 Robert E. Hanson
 Matthew E. Jackson
P.O. Box 25245
Albuquerque, New Mexico 87125-5245
Tel: (505) 247-4800
*Attorneys for Plaintiffs and the Class*

-and-

CARPENTER LAW OFFICE LTD

William H. Carpenter
201 Broadway Blvd., SE
Albuquerque, NM 87102
Tel:     (505) 243-1336
Email:  whcarpenter@carpenter-law.com

Approved by:

By:   *via electronic approval on September 15, 2017*
         Timothy A. Daniels
         Ryan K. McComber
Figari & Davenport, LLP
901 Main St, Ste 3400
Dallas, TX  75202
Tel:  (214) 939-2047
Email:  tim.daniels@figdav.com
           ryan.mccomber@figdav.com

*Attorneys for Defendants Standard Insurance Company and Martha Quintana*

-and-

By:   *via electronic approval on September 15, 2017*
          Lisa E. Pullen
Civerolo, Gralow & Hill P.A.
P.O. Drawer 887
Albuquerque, NM  87103-0887
Tel:     (505) 842-8255
Email:  pullenl@civerolo.com

*Attorney for State of New Mexico General Services Department Risk Management Division*